IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FELICIA BROWN,                                          Case No. 15-CV-843-PP

            Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
And SUSAN NYGREN,

            Defendants.

**ORDER GRANTING DEFENDANT SUSAN NYGREN'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY JUDGMENT ARGUMENT (DKT. NO. 65), VACATING THAT PORTION OF ITS SEPTEMBER 20, 2016 SUMMARY JUDGMENT ORDER DENYING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO COUNT IV RELATING TO SUSAN NYGREN IN HER INDIVIDUAL CAPACITY (DKT. NO. 56), GRANTING SUMMARY JUDGMENT IN FAVOR OF NYGREN IN HER INDIVIDUAL CAPACITY AS TO COUNT IV, AND DISMISSING SUSAN NYGREN AS A DEFENDANT**

On November 11, 2016, defendant Susan Nygren filed a motion for leave to file additional summary judgment argument. Dkt. No. 65. She also filed a brief containing new summary judgment arguments. Dkt. No. 66. She filed these documents after the court denied her original motion for summary judgment on the individual capacity portion of Count IV of the complaint (alleging an equal protection claim against her in her official and individual capacities), dkt. no. 56, and denied her motion to reconsider that ruling, dkt. no. 61. Defendant Nygren now has fleshed out her motion as to the individual capacity equal protection claim in Count IV, and the court will grant summary judgment in her favor as to that claim and dismiss defendant Nygren.

1

**BACKGROUND**

The court will not recount the full history of the case. The reader may find that full history in the court's September 20, 2016 order granting in part and denying in part the defendants' motion for summary judgment. Dkt. No. 56. The following facts are relevant to this order.

The court explained in the original summary judgment decision that in Count IV of her complaint, the plaintiff alleged that Nygren, individually and in her official capacity, had violated the plaintiff's Fourteenth Amendment right to equal protection. Dkt. No. 56 at 5 (citing dkt. no. 1 at ¶¶41-44). The court recounted how, in their summary judgment brief, the defendants had argued "that Count IV, to the extent that it asserts a claim against Nygren in her official capacity, is barred by the Eleventh Amendment." Id. at 7 (citing dkt. no. 31 at 3). The court found that the plaintiff had not disputed the defendants' official capacity argument. Id. (citing the plaintiff's opposition brief, dkt. no. 47 at 28). For that reason, the court granted summary judgment in favor of Nygren on Count IV "to the extent that Count IV asserts a claim against Nygren in her official capacity." Id. at 8.

In a footnote to that sentence, however, the court stated, "Because the defendants sought summary judgment on Count IV only to the extent that that count alleged an official-capacity claim against Nygren, dkt. no. 31 at 24-26, the court will allow the plaintiff to proceed on [the equal protection] claim against Nygren in her personal capacity. See also Dkt. No. 50 at 13." Id. at 8, n.5.

2

Shortly after the court issued that decision, the defendants filed a motion for reconsideration, asking the court to grant summary judgment in Nygren's favor on the equal protection/individual capacity claim, as well. Dkt. No. 59. The defendants filed that motion under Civil L. R. 7(h), which allows parties to follow an expedited motion schedule if they are seeking non-dispositive relief. Id. The court denied the motion, holding that a motion to reconsider a denial of a motion for summary judgment was not a "non-dispositive" motion, and thus that Rule 7(h) was not the appropriate mechanism for seeking the relief defendant Nygren requested. Dkt. No. 61.

At a status conference about a month later, defense counsel told the court that defendant Nygren planned to file a motion asking for leave to file a partial motion for summary judgment on the question of whether the plaintiff ought to be able to proceed on her equal protection claim against Nygren in her individual capacity. Dkt. No. 64. The court gave Nygren a deadline of November 11, 2016 by which to file that motion, with objections due by December 12 and replies by January 6, 2017. Id. at 1.

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY JUDGMENT ARGUMENTS**

Nygren, as she had told the court at the status conference that she would do, filed a motion for leave to file a brief containing additional summary judgment arguments. Dkt. No. 65. In support, Nygren explains that the defendants had intended their original summary judgment motion and brief to address all of the plaintiff's claims against all of the defendants, including the plaintiff's equal protection claim against Nygren in her individual capacity. Id.

at 2. She states that after the court ruled on the summary judgment motion, she realized that the court did not understand the motion to request summary judgment on the individual capacity portion of Count IV. Id. Nonetheless, she points to various phrases in the original summary judgment pleadings which, she argues, should have tipped the court off that she was seeking summary judgment on that claim. Id. at 2-4.

Nygren also argues that if the court allows her to a brief containing additional argument on just this claim, the plaintiff would not be prejudiced; the parties already have briefed the issues, and the court already has held that the plaintiff did not submit sufficient evidence to support her claim that the DOC (Nygren's employer) subjected the plaintiff to sexual harassment or a hostile work environment based on her sex. Id. at 4. She points out that this new brief would not require the court to find any additional facts, and that it wouldn't delay the proceedings because the trial date is not until May 8, 2017. Id. Finally, she argues that if the court were to grant her motion for summary judgment on the equal protection claim against her, it would avoid jury confusion, because such a decision would leave only a single Title VII claim against the Department of Corrections for a jury to decide. Id. at 5. For all of these reasons, Nygren argues, the court should grant her leave to file a brief containing additional summary judgment arguments as to the individual capacity claim.

The plaintiff did not oppose the motion to file a brief containing additional argument. While the court does not agree with Nygren that the court

should have had to piece together oblique phrases here and there in the original pleadings to cobble together a conclusion that Nygren intended to seek summary judgment on the equal protection claim against her individually, the court *does* agree that the plaintiff will not be prejudiced by the supplemental arguments, that those arguments don't cause the court to have to make any additional factual findings, and that they won't delay the trial of the case. For all of these reasons, the court will grant Nygren's motion to file the brief containing additional summary judgment arguments. Dkt. No. 65.

**ANALYSIS OF NEW ARGUMENTS**

A.     Summary Judgment Standard

As the court stated in its first summary judgment order, a court must grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "facts that might affect the outcome of the suit under the governing law," and a dispute about a material fact is genuine if a reasonable jury could find in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When determining whether summary judgment is appropriate, the court views all facts and draws all reasonable inferences in favor of the nonmoving party. Herzog v. Graphic Packaging Int'l, Inc., 742 F.3d 802, 806 (7th Cir. 2014). Nevertheless, "inferences that are supported by only speculation or conjecture will not default a summary judgment motion." Id. at 806 (quoting Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc., 517 F.3d 470, 473 (7th

5

Cir. 2008)). "[A] party will be successful in opposing summary judgment only when that party presents definite, competent evidence to rebut the motion." EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 437 (7th Cir. 2000) (quoting Smith v. Severn, 129 F.3d 419, 427 (7th Cir. 1997)). The opposing party cannot simply rely on allegations or denials in its pleadings; it must also "introduce affidavits or other evidence setting forth specific facts showing a genuine issue for trial." Anders v. Waste Mgm't of Wis., 463 F.3d 670, 675 (7th Cir. 2006). Thus, a court appropriately grants summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

> B.     The Equal Protection Claim Against Nygren

The plaintiff captioned Count IV of the complaint "Violating Plaintiff's Right to Equal Protection of Laws Pursuant to 42 U.S.C. § 1983." Dkt. No. 1 at 10. The count alleges that Nygren violated the Equal Protection Clause of the Fourteenth Amendment by "subjecting Plaintiff to unwanted sexual harassment and a sexually hostile work environment on the basis of her sex (female), recommending Plaintiff's termination, and causing the termination of Plaintiff's employment because of her sex (female) . . . ." Id. at ¶42.

The Equal Protection Clause of the Fourteenth Amendment holds that a state shall not deny any person equal protection of the laws. The Seventh Circuit has held that "[s]exual harassment by a state employer constitutes sex discrimination in violation of the equal protection clause." Valentine v. City of

Chicago, 452 F.3d 670, 682 (7th Cir. 2006). A plaintiff may bring an equal

protection claim based on sexual harassment under 42 U.S.C. §1983. Id.

To prove such an equal protection claim under §1983, a plaintiff first

must prove that the state employer subjected her to sexual harassment. If she

successfully proves that, the court then asks whether the sexual harassment

constituted "intentional discrimination." Bohen v City of East Chicago, Ind.,

799 F.2d 1180, 1187 (7th Cir. 1986). It is a defense to an equal protection

claim "if the employer can show that the harassment suffered by the plaintiff

was directed at the plaintiff because of factors personal to her and not because

she is a woman." Id. (citation omitted).

In the summary judgment order, the court found that the plaintiff could

not prevail on her Title VII claims that Nygren and others harassed her or

subjected her to a hostile work environment because she was female. The court

explained,

> The plaintiff worked on an all-female shift. The DOC
> employees who subjected her to the unwelcome comments and
> behaviors all were women—Susan Nygren, Debra Nutting and Lisa
> Baker. The evidence before the court contains no references to the
> presence of men during any of these incidents.

Dkt. No. 56 at 12. For this reason, the court found, the plaintiff could not

present any evidence that Nygren and the others harassed the plaintiff or

subjected her to a hostile work environment because she was a *woman,*

because she had no opportunity to observe how they treated *men.* Thus, she

could not present evidence that in harassing her or subjecting her to a hostile

work environment, Nygren and the others treated her differently than they

treated men. Id. at 13-14. Because the plaintiff could not show that Nygren and the others harassed her or created a hostile work environment because she was female, the court found that she could not prevail on those claims.

In the brief containing supplemental arguments, Nygren makes a number of arguments, but only one is determinative of the court's decision on her request that the court grant her summary judgment on the individual capacity equal protection claim. She argues that "the comments and conduct of Nygren . . . were not done for sexual gratification." Dkt. No. 66 at 15. She emphasizes what the court had found with regard to the other defendants: that the plaintiff "has no evidence suggesting that Nygren . . . treated males better than her," id., or that Nygren harassed her because she was female.

The court agrees with Nygren's implied argument: because the same liability standards that govern Title VII claims govern §1983 claims, the court's conclusion as to the plaintiff's Title VII claims is dispositive as to the equal protection claim raised under §1983. The Seventh Circuit has held that "[w]hen the plaintiff alleges intentional discrimination, . . . it is clear that the same standards in general govern liability under sections 1981, 1983, and Title VII." Friedel v. City of Madison, 832 F.2d 965, 971 (7th Cir. 1987). See also, Davis v. Wisconsin Dep't of Corr., 445 F.3d 971, 976 (7th Cir. 2006) ("The same standards for proving intentional racial discrimination apply to Title VII and § 1983 equal protection claims.") (citation omitted). So—if a plaintiff cannot survive summary judgment on a Title VII sexual harassment claim, she cannot survive summary judgment on a §1983 equal protection claim based on sexual

harassment. See, e.g., Hildebrandt v. Illinois Dep't of Nat. Res., 347 F.3d 1014, 1036–37 (7th Cir. 2003) ("Thus, the non-compensatory § 1983 claims against the individual defendants can be dismissed on the same basis as the Title VII claims: [the plaintiff] has failed to set forth a prima facie case of discriminatory treatment or of hostile work environment harassment."); Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F.3d 826, 835 (7th Cir. 2015) ("When a plaintiff uses § 1983 as a parallel remedy to a Title VII harassment claim, the *prima facie* elements to establish liability are the same under both statutes. *Rivera v. P.R. Aqueduct & Sewers Auth.,* 331 F.3d 183, 192 (1st Cir.2003) (collecting cases)."); Titus v. Illinois Dep't of Transp., No. 11 C 944, 2014 WL 625700, at *6 (N.D. Ill. Feb. 18, 2014) ("Therefore, because the Court has held that a reasonable jury could not find that Defendants violated Title VII, the Court also holds that a reasonable jury could not find that Defendants violated Titus's constitutional rights."); Bowman-Farrell v. Coop. Educ. Serv. Agency 8, No. 02-C-818, 2007 WL 3046283, at *30 (E.D. Wis. Oct. 17, 2007) (citations omitted). ("Bowman also raises an equal protection claim against Kellogg, but this will be dismissed for the same reasons she failed to establish a Title VII claim.").

In her opposition to the supplemental arguments, the plaintiff emphasizes many of the facts she emphasized in her opposition to the original motion. She asserts again that she was upset by Nygren's behavior, that she found it offensive, that it made her uncomfortable, that it shocked her, that it humiliated her. She argues that "there is ample evidence in the record that the

harassment Nygren subjected [the plaintiff] to was both subjectively and objectively offensive." Dkt. No. 67 at 5. In its summary judgment decision, the court accepted all of these assertions as true for the purposes of deciding the summary judgment motion. Dkt. No. 56 at 14.

As the court explained, however, and as it reiterates here, the question is not whether the defendant's conduct was offensive, or upsetting, or crude, or humiliating. The question is whether the offensive conduct took place because she was a woman. The plaintiff states in her opposition that she "felt that she was subjected to this treatment because of her sex." Dkt. No. 67 at 5. But her *feeling* that Nygren harassed her because of her sex is not sufficient to defeat a motion for summary judgment; she must present more than inferences supported by speculation or conjecture.

The plaintiff strongly emphasizes the Seventh Circuit's statement in Passanti v. Cook County, 689 F.3d 655, 664 (7th Cir. 2012) that "words or conduct demonstrating 'anti-female animus' can support a sexual harassment claim based on a hostile work environment." (Citation omitted) Id.at 8-9. She lists numerous cases in which courts have found that specific words (such as "bitch" or "whore") are "sex-based" for the purposes of finding liability for sexual harassment. Id. at 9. But Nygren did not use any of these arguably female-linked words against the plaintiff. The plaintiff argues that Nygren *did* use a female-specific word, "pussy," in front of her. Id. at 10. But she does not allege that Nygren used this term to refer to her, or even directed the remark containing the word to her. She argues that Nygren used "gender-specific

words, such as 'partner.'" Id. The court disagrees that the word "partner" is a "gender-specific" word; one might argue it is decidedly gender-neutral.

What the plaintiff really alleges in her complaint, and argued in her opposition to the motion for summary judgment, and argues in her opposition to the new motion, is that Nygren and the others used *sexual* language and engaged in *sexual* behavior—as in language and behavior related to the act of sex—around her. She states, in her opposition to the supplemental arguments, that "Nygren made known her sexual preferences for females and then engaged in sexual conduct towards [the plaintiff], a female." Id. at 10.

It is true that the Supreme Court has held that "if there were credible evidence that the harasser was homosexual," a reasonable jury might conclude that the harasser would not have made "explicit or implicit proposals of sexual activity" if the person being harassed were not of the same sex. Oncale v. Sunowner Offshore Services, Inc., 523 U.S. 75, 80 (1998). In such a situation, a female plaintiff might present evidence that she was harassed by showing that she was subjected to "such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace . . . or [she might] offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." Id. at 80-81. But again, the court has no evidence before it to support the plaintiff's claim that Nygren had a sexual preference for females. The plaintiff appears to assume this, but her assumption is just that—an assumption. The plaintiff has not presented the

"definite, competent evidence" that the Seventh Circuit requires. EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 437 (7th Cir. 2000) (quoting Smith v. Severn, 129 F.3d 419, 427 (7th Cir. 1997)).

Because the plaintiff has not presented the court with evidence to show that Nygren harassed her because she is female, she cannot survive summary judgment on her claim that Nygren violated her civil rights by sexually harassing her.

**CONCLUSION**

The court **GRANTS** the defendant Nygren's motion for leave to file supplemental summary judgment argument. Dkt. No. 65. The court **VACATES** that portion of its September 20, 2016 summary judgment order allowing the plaintiff to proceed on Count IV to the extent that it alleges an equal protection claim against Nygren in her individual capacity. Dkt. No. 56, p. 22, final two lines of the order before the date. The court **GRANTS** summary judgment in favor of the defendants as to Count IV, including as to defendant Nygren on the claim against her in her individual capacity. The court **ORDERS** that defendant Susan Nygren is **DISMISSED** from the case. The court **ORDERS** that the claims remaining for trial are the retaliation claim alleged against defendant

Department of Corrections in Count III, and the declaratory judgment claim in Count II as it relates to the retaliation claim in Count III.

Dated in Milwaukee, Wisconsin this 20th day of January, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge